National Aeronautics and
Space Administration

**John F. Kennedy Space Center**
Kennedy Space Center, FL 32899

NASA

Reply to Attn of: OP-ES-B/075

RECEIVED
JUN 2 5 2004
HM²

June 24, 2004

HM2 Constructors & Fabricators
P.O. Box 5610
Titusville, FL 32783-5610

SUBJECT: **Contract NAS10-03026; Replace Air Handler Units (AHU) in KSC Headquarters Building, Phase I (PCN-96899); Request for Equitable Adjustment # 2; TN-7**

You are hereby advised that REA# 2; TN-7; HM2 letter 02081-155, NASA Ltr# 133, Request for Change Order for Reimbursement of Extended Overhead and Time Associated with the Delay to the Ceiling Tile Removal by SGS, has been granted in part. The Contracting Officer determined you are entitled to 20 days to account for the time between the date Supplemental Agreement (SA) # 1 was signed, November 14, 2003, and the date the above ceiling access was provided to you, December 5, 2003.

HM2 has demanded compensation in the amount of $ 28,545.38 and a time extension of 51 days for delays associated with the ceiling tile removal. HM2 has stated in their letter that the request for a change order is for the period beginning when SA # 1 was signed and ending when access was allowed. As noted above, SA# 1 was executed on November 14, 2003. HM2 was allowed access on December 5, 2003. The Contracting Officer calculates the time to be 20 days instead of 51 days.

In an e-mail dated June 16, 2004, I have requested additional clarification. First, it is unclear when the 51 day delay you have alleged begins. In your letter, you state, "NASA negotiated relief from the costs incurred by HM2 through October 14, 2003" which indicated you intended October 14, 2003, to be the start date of the 51 day time period. In the Detailed Cost Summary attached to your letter, however, it shows October 22, 2003, as the start date. Neither the letter nor the cost summary contain any rational for using October 22, 2003, as the start date. In addition, the Contracting Officer is unsure as to the basis for using October 14, 2003. SA# 1 states the issues resolved by the Agreement, including the above ceiling access which is the subject of this REA, were fully addressed and satisfied as of the date of the Agreement, which was November 14, 2003.

Second, it is unclear when the 51 day delay you have alleged ends. Your letter states, "It was not until December 12, 2003, that the first portion of the work was accomplished allowing HM2 to begin the first work of the job; routing control cables above the ceiling and determining the routing for the temporary air conditioning ductwork." Your detailed cost summary also shows December 12, 2003 as the end date. The Government provided access to you on December 5, 2003. In addition, the Government believes Florida

EXHIBIT
C

Controls, HM2's controls subcontractor, began its portion of the control work on December 5, 2003, further evidencing HM2 had access by December 5, 2003.

Without clarification and additional information on the dates contained in your REA, I can not provide a determination on the additional 31 days you have requested.

You have also requested $ 28,545.38 for 51 days of extended overhead. This is based on a rate of $ 431.88 per day that is termed "Extended Overhead Proportional Amount". The detailed cost summary does not explain the calculation of this proportional amount. Your REA has not adequately explained the basis for allocating this amount to the delay you have alleged.

Based on the need for more information regarding the additional 31 days of alleged delay and 51 days of extended overhead, the REA is being denied in part at this time.

Should you have any questions/concerns regarding the above, please contact the Undersigned at 321-867-7611.

Valencia B. Mitchell
Contracting Officer