IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HM2 CORPORATION, d/b/a HM2 CONSTRUCTORS AND FABRICATORS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-551C |
| THE UNITED STATES, | ) | (Judge Bush) |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits the allegation contained in paragraph 1 that plaintiff is a corporation. Denies the remaining allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits the allegation in paragraph 2 that the defendant is the United States. The remainder of the allegations contained in paragraph 2 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 are conclusions

of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in paragraph 5 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 5.

6. The allegations contained in the first sentence of paragraph 6 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in subparagraph a(i), subparagraph a(ii), the first sentence of subparagraph a(iii), and the first sentence of subparagraph a(iv) of paragraph 6 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in subparagraph a(i), subparagraph a(ii), the first sentence of subparagraph a(iii), and the first sentence of subparagraph a(iv) of paragraph 6. The allegations contained in the second sentence of subparagraph a(iii), the second sentence of subparagraph a(iv), subparagraph b(i) and subparagraph b(ii) of paragraph 6 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they

are denied.

7. The allegations contained in the first and second sentence of paragraph 7 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 7 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 7.

8. The allegations contained in paragraph 8 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 9. Denies the allegations contained in the second sentence of paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 11.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 12. The allegations contained in the second sentence of paragraph 12 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits the actual removal and replacement of an air handling unit could not begin until its temporary air conditioning system was installed.

14. The allegations contained in the first sentence of paragraph 14 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 14 to the extent

supported by the contract referenced, which is the best evidence of its contents; otherwise, denies the allegations contained in second sentence of paragraph 14.

15. The allegations contained in paragraph 15 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in the first sentence of paragraph 16 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 16 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 16.

17. The allegations contained in paragraph 17 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact,

they are denied, except admits that plaintiff sent a letter, dated June 6, 2004, alleging changed conditions.

19. Admits the allegations contained in the first and second sentences of paragraph 19. The allegations contained in the remainder of paragraph 19 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that NASA withdrew the request for proposal and Space Gateway Support LLC ("SGS") was awarded a contract related to ceiling tile removal.

20. Denies the allegations contained in paragraph 20, except admits that SGS did not begin the removal of ceiling tiles until December 4, 2003.

21. The allegations contained in the first and third sentences of paragraph 21 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 21 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 21.

22. Admits the allegations contained in the first sentence of paragraph 22 to the extent supported by the document cited,

which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 22. The allegations contained in in the second and third sentences of paragraph 22 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. Denies

24. Admits the allegations contained in paragraph 24 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 24.

25. The allegations contained in paragraph 25 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. Admits the allegations contained in the first, second, third and fourth sentences of paragraph 26. Denies the allegations contained in the fifth and sixth sentences of paragraph 26.

27. The allegations contained in the first and second sentences of paragraph 27 are plaintiff's characterization of its case to which no response is required; to the extent they may be

deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 27.

28. Denies the allegations contained in the first sentence of paragraph 28, except admits the asbestos abatement inside the air handling unit outside air plenums could not begin until the temporary air conditioning was provided. The allegations contained in the second sentence of paragraph 28 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

29. Denies.

30. Denies the allegations contained in paragraph 30 except admits that plaintiff’s temporary air conditioning plan had not been approved as of the date of termination for default.

31. Admits the allegations contained in paragraph 31 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 31.

32. Denies the allegations contained in the first sentence of paragraph 32, except admits plaintiff proposed to offer a performance-based alternate temporary air conditioning system. Admits the allegations contained in the second sentence of paragraph 32. Denies the allegations contained in the third

sentence of paragraph 32 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the fourth sentence of paragraph 32 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that plaintiff made statements about the location of the electric generator.

33. The allegations contained in paragraph 33 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. Denies the allegations contained in the first sentence of paragraph 35, except admits NASA made repeated requests to plaintiff to submit a partial temporary air conditioning plan. Denies the allegations contained in the second sentence of paragraph 35, except admits plaintiff eventually submitted a partial temporary air conditioning plan.

36. Admits the allegations contained in the first and third sentences of paragraph 36. Denies the allegations contained in the second sentence of paragraph 36, except admits that plaintiff submitted an amended proposal in January 2004.

37. The allegations contained in the first sentence of paragraph 37 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 37.

38. The allegations contained in paragraph 38 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits the allegations contained in paragraph 38 to the extent supported by the letter from the plaintiff to the defendant, dated April 19, 2004, which is the best evidence of its contents.

39. The allegations contained in paragraph 39 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 are plaintiff's conclusions of law and characterization of its case

to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

41. Denies the allegations contained in the first sentence of paragraph 41. Admits the allegations contained in the second sentence of paragraph 41. Denies the allegations contained in the third sentence of paragraph 41 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

42. Denies the allegations contained in the first sentence of paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth, except admits a revised submittal was provided on June 20, 2004. The allegations contained in the second sentence of paragraph 42 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

43. Denies the allegations contained in the first sentence of paragraph 43, except admits the contracting officer did not issue a change order. Admits the allegations contained in the second sentence of paragraph 43.

44. Denies.

45. Denies the allegations contained in paragraph 45, except admits plaintiff submitted a lifting plan stamped by a Florida PE on submittal number 40, dated August 29, 2003.

46. Denies.

47. Admits the allegations contained in paragraph 47 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48, except admits NASA rejected plaintiff’s lifting plan.

49. The allegations contained in paragraph 49 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

51. Denies the allegations contained in paragraph 51, except admits plaintiff requested additional information and plaintiff stated that contracting officer’s request was not within the scope of work.

52. The allegations contained in the first sentence of paragraph 52 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 52 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 52.

53. Denies the allegations contained in paragraph 53, except admits plaintiff notified the contracting officer of alleged differing site conditions.

54. Admits.

55. Denies.

56. Denies the allegations contained in paragraph 56, except admits NASA provided plaintiff with information related to contract requirements on April 10, 2004.

57. The allegations contained in paragraph 57 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

58. The allegations contained in paragraph 58 are plaintiff's conclusions of law and characterization of its case

to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

59. The allegations contained in paragraph 59 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

60. The allegations contained in paragraph 60 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

62. Denies the allegations contained in paragraph 62, except admits plaintiff’s corrections of some of NASA’s review comments would not have satisfied the requirement to provide calculations.

63. Denies the allegations contained in paragraph 63, except admits plaintiff’s last lifting plan was disapproved.

64. Admits.

65. Admits the allegations contained in paragraph 65 to the extent supported by the documents cited, which are the best

evidence of their contents; otherwise, denies the allegations contained in paragraph 65.

66. Denies.

67. Admits the allegations contained in paragraph 67 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 67.

68. Denies the allegations contained in paragraph 68 for lack of knowledge or information sufficient to form a belief as to their truth.

69. The allegations contained in paragraph 69 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

70. The allegations contained in paragraph 70 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

71. Denies the allegations contained in paragraph 71 for lack of knowledge or information sufficient to form a belief as to their truth, except admits the allegations contained in paragraph 71 to the extent supported by the letter from plaintiff to defendant, dated September 23, 2003, which is the best

evidence of its contents; otherwise, denies the allegations contained in paragraph 71.

72. Admits the allegations contained in the first sentence of paragraph 72; except denies that plaintiff’s engineer was present at the meeting. Denies the allegations contained in the second sentence of paragraph 72 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

73. The allegations contained in paragraph 73 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

74. Admits the allegations contained in paragraph 74 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 74.

75. Admits the allegations contained in paragraph 75 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 75.

76. The allegations contained in paragraph 76 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

77. Admits the allegations contained in the first and third sentences of paragraph 77. Admits the allegations contained in the second sentence of paragraph 77 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 77.

78. The allegations contained in paragraph 78 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits plaintiff gave notice of an alleged changed condition, and submitted a related proposal on January 16, 2004.

79. The allegations contained in paragraph 79 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits plaintiff stated that further releases of McQuay AHUs would be delayed while equipment issues were pending, and plaintiff requested direction from the contracting officer.

80. The allegations contained in paragraph 80 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits the contracting officer requested suggestions from plaintiff in February 2004.

81. The allegations contained in paragraph 81 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits plaintiff made suggestions in March 2004, and plaintiff sought direction from the contracting officer.

82. Admits the allegations contained in paragraph 82 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 82.

83. Denies the allegations contained in the first sentence of paragraph 83, but admits the contracting officer denied plaintiff's claim on June 14, 2004, and did not offer direction to plaintiff concerning contract performance methods. Denies the allegations contained in the second sentence of paragraph 83 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

84. The allegations contained in paragraph 84 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

85. The United States incorporates by reference its responses to paragraphs 1 through 83 of plaintiff's complaint.

86. The allegations contained in paragraph 86 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

87. The allegations contained in paragraph 87 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

88. The allegations contained in paragraph 88 are plaintiff's conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

89. The allegations contained in paragraph 89 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

90. The allegations contained in paragraph 90 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

91. The allegations contained in the first sentence of paragraph 91 are plaintiff's conclusions of law and characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 91, or to any relief whatsoever.

92. The allegations contained in paragraph 92 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

93. The United States incorporates by reference its responses to paragraphs 1 through 83 of plaintiff's complaint.

94. The allegations contained in paragraph 94 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

95. The allegations contained in paragraph 95 are plaintiff's conclusions of law and characterization of its case

to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

96. The allegations contained in paragraph 96 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

97. The allegations contained in paragraph 97 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

98. The allegations contained in the first sentence of paragraph 98 are plaintiff's conclusions of law and characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 98, or to any relief whatsoever.

99. The allegations contained in paragraph 99 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

100. The United States incorporates by reference its responses to paragraphs 1 through 83 of plaintiff's complaint.

101. Admits the allegations contained in paragraph 101 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 101.

102. The allegations contained in paragraph 102 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

103. The allegations contained in paragraph 103 are plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

104. The allegations contained in the first sentence of paragraph 104 are plaintiff's conclusions of law and characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 104, or to any relief whatsoever.

105. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant

defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-7969

September 14, 2005 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on September 14, 2005, a copy of the foregoing "DEFENDANT'S ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier