IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HM2 CORPORATION, d/b/a HM2 CONSTRUCTORS AND FABRICATORS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-551C |
| THE UNITED STATES, | ) | (Judge Bush) |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

Defendant, the United States, respectfully requests the Court to grant an enlargement of time of 21 days, to and including November 28, 2005, within which to file joint preliminary status report ("JPSR"). The JPSR is due on or before November 7, 2005. This is our first request for an enlargement of time for this purpose. Counsel for plaintiff, HM2 Corporation ("HM2") has authorized us to state that HM2 does not oppose this motion.

Because of the press of other business, counsel for the United States does not expect to have an opportunity to begin preparing the draft JPSR until after November 14, 2005. Counsel for HM2 has informed us that he is also very busy.

Since filing the complaint in this case, counsel for the United States has devoted himself primarily to Air Force v. United Technol Corp., 05-1393 (Fed. Cir.), an important case with an extremely large record. In addition, in Kola Nut, et. al. v. United States, No. 05-1027C (Fed. Cl.), a bid protest case, counsel has been required to devote several days to various

activities, including the expedited briefing of a motion for a preliminary injunction, and three lengthy conference calls with the Court. Furthermore, on October 25, 2005, counsel filed an informal brief in Manares v. OPM, 05-3216 (Fed. Cir.).

The full enlargement requested is needed.

Work on the United Technol case is not complete. Counsel expects to spend more than one week completing the assembly of the draft joint appendix and making revisions to the draft brief in response to comments by counsel for the agency and by supervisors at the Department of Justice. This work must be completed by November 14, 2005 because no further enlargements in the United Technol case are permitted.

On November 2, 2005, counsel is due to file an informal brief in Saintignon v. DVA, 05-7191 (Fed. Cir.). On November 9, 2005, counsel is due to present oral argument before the court of appeals in Jacobs Engineering v. United States, 05-5052 (Fed. Cir.).

On November 14, 2005, counsel is due to file three formal briefs in the court of appeals: Air Force v. United Technol Corp., 05-1393 (Fed. Cir.); Robertson v. Dept. of Treasury, 05-3156 (Fed. Cir.); Applied Companies v. Army, 05-0511 (Fed. Cir.). No further enlargements of time are permitted with regard to the United Technol case. The Robertson deadline has already been enlarged by 62 days, and counsel intends to make strenuous

efforts to file the Government's brief in Robertson by November 14, 2005. The Government has sought an enlargement of time within which to file the Applied Companies brief.

Counsel must also devote substantial time to the Kola Nut bid protest case during November, and counsel must perform myriad smaller tasks in other cases.

In addition, time will be needed to consult with agency counsel, prepare a draft statement of issues, consult with opposing counsel regarding the text of the JPSR, and respond to review by agency counsel and by supervisors within the Department of Justice.

For the reasons stated above, we respectfully request that our unopposed motion for an enlargement of time be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-7969

October 31, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on November 4, 2005, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier