# In the United States Court of Federal Claims

No. 05-551 C

(Filed January 5, 2006)

* * * * * * * * * * * * * * * * * * * * * * * *
HM$^2$ CORPORATION, d/b/a HM$^2$ *
CONSTRUCTORS AND FABRICATORS, *
*
*Plaintiff*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * * * * * * * *

## PRELIMINARY SCHEDULING ORDER

On December 19, 2005, the parties, pursuant to Appendix A, ¶ 4 of the Rules of the United States Court of Federal Claims (RCFC) filed their joint preliminary status report (JPSR). Therein, the parties reported to the court that they anticipate that this case will go forward to trial. In that regard, counsel for the respective parties request that the parties be permitted to engage in discovery, explore settlement and determine if filing a dispositive motion is appropriate.

Upon an examination of the pleadings and the JPSR, pursuant to RCFC 16(b), it is **ORDERED** that the following preliminary schedule is established:

(1) Initial Disclosures, pursuant to RCFC 26(a), shall be exchanged between the parties on or before **February 21, 2006**.

(a) For the damages disclosure required by RCFC 26(a)(1)(C) and, subsequently, exhibits proposed in accordance with Appendix A, ¶13(a), any and all items and figures from books of account or other records, which are to be introduced into evidence in this matter, and any calculations or estimates derived therefrom, shall be set forth on separate schedules or summaries and so provided

and disclosed to opposing counsel during the discovery period;

(b) Any schedule or summary provided pursuant to paragraph (1)(a) shall be accompanied by a statement describing the source(s) for the items or figures listed (ledgers, journals, payrolls, invoices, checks, time cards, etc.), the location(s) of the source(s), the time, during the discovery period, when the source(s) may be examined or audited by the opposing party, the name and address of the person(s) who prepared each schedule or summary and who shall be made available to the opposing party during an examination or audit of the source material to provide information and explanations required for verification of the listed items or figures.

(c) Upon receipt of a schedule or summary pursuant to paragraph (1)(a), receiving counsel shall provide for an examination or audit of the source material by a person(s) qualified to present testimony and thereafter provide opposing counsel with a statement during the discovery period, admitting or denying the accuracy or admissibility of each schedule or summary (or portion thereof) submitted by opposing counsel, which statement shall address each item and figure submitted and reflect and set forth the results of the examination or audit of the source material from which the submissions were derived and shall set forth the reason(s) for any denial of accuracy as to specific items or figures, citing generally accepted accounting principles or regulations where applicable, and the reason(s) for any denial of admissibility as to specific items or figures, keyed to the applicable Federal Rule(s) of Evidence;

(d) Proposed trial exhibits exchanged pursuant to Appendix A, ¶ 13(a) shall include schedules setting forth *all* items and figures from books of account or other records, and calculations and estimates derived therefrom, which a party intends to introduce into evidence with appropriate identification of those specific scheduled items, figures, calculations and estimates thereon which, on the basis of pretrial examinations or audit and exchanges are contested as to accuracy or admissibility, so that evidentiary proceedings as to items and figures shall thereafter be limited to those identified as contested.

(2) All **fact discovery**, including production of documents, depositions, interrogatories and requests for admissions, as well as any amendment of pleadings shall be **COMPLETED** on or before **December 29, 2006**.

(3) All requests pursuant to RCFC 31, 33, 34 and 36 shall be served on or before **November 30, 2006**.

(4) **Expert witness report(s)** shall be disclosed on or before **September 29, 2006**.

(5) **Expert rebuttal report(s)** shall be disclosed on or before **October 16, 2006**.

(6) **Depositions** of expert witnesses shall be concluded by **November 30, 2006**.

(7) The parties shall **COMPLY** with all requirements of RCFC 26 (a)(2) with respect to disclosure of expert testimony within the stated discovery deadline unless the parties request additional time for expert discovery and/or disclosure.

(8) On **February 15, 2007**, or upon completion of discovery by the parties, whichever event occurs earlier, counsel are directed to **FILE** a **Joint Status Report** informing the court of the status of proceedings in the case and the extent to which the parties have determined whether any or all of the instant matter may be settled. The status report shall also set forth a proposed schedule for the exchanges required by Appendix A, ¶ 13 and the filings required by ¶¶ 14 through 17.

(9) Any **Dispositive Motions** shall be **FILED** on or before **January 30, 2007**.[1]

s/Lynn J. Bush
LYNN J. BUSH
Judge

---

[1]/ Two (2) paper copies of all dispositive motions shall also be submitted to chambers of the undersigned.