IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HM2 CORPORATION, d/b/a HM2 CONSTRUCTORS AND FABRICATORS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-551C |
| THE UNITED STATES, | ) | (Judge Bush) |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL, AND DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Defendant, the United States, respectfully requests that the Court deny the motion to compel the deposition of Ms. Mitchell filed by the plaintiff, HM2 Corporation (HM2), on Saturday, January 26, 2008 (Pl. Motion). In addition, the United States respectfully requests that the Court issue a protective order releasing Ms. Mitchell from any obligation to testify at a deposition or trial.

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims (RCFC), the Court possesses discretion to issue a protective order to preclude a deposition where the act of giving testimony might endanger the health of the witness, even where the testimony is likely to be important. RCFC 26(c); see Gogolay v. New Mexico Federal Savings & Loan Association, 908 F.2d 1017, 1021 (10th Cir. 1992) (even though testimony was likely to be very important, it was error for trial court to rule that witness was "hiding behind his health," where the medical condition was unrebutted and pre-dated the issuance of a

deposition notice). Where, as here, the testimony of the witness is not crucial to the case, and the opposing party has committed not to call the witness at trial, exercise of this Court's discretion is particularly warranted. E.g., Hunter v. Ohio Indemnity Company, 2007 WL 2769805 (N.D. Cal. Sept. 27, 2007) (protective order issued where opposing party committed not to call witness at trial, where other evidence existed; and where the health concern was only the need of the witness to care for a spouse with cancer).

In summary, the commitment of the United States not to call Ms. Mitchell as a witness at trial, the slight need of HM2 for the testimony of Ms. Mitchell, and the threat to Ms. Mitchell's health posed by the stress of giving testimony weigh heavily in favor of a protective order. In contrast, HM2 has offered no substantial reasoning or evidence in support of its motion to compel Ms. Mitchell's testimony.

I. The Parties Have Conferred In Good Faith

Counsel for HM2 and counsel for the United States have had several conversations about whether Ms. Mitchell should be required to testify. We respectfully, and vigorously, disagree with the conclusion reached by counsel for HM2, but we freely admit that he satisfied his obligation to consult with us (several times) prior to filing his motion to compel. In the same conversations, we satisfied our duty to attempt to reach

agreement with HM2 before filing our motion for a protective order.

In November, we informed counsel for HM2 that we would not call Ms. Mitchell, the contracting officer for the project at issue in this case, as a witness at trial. We suggested to counsel for HM2 that Ms. Mitchell's inability to testify prejudices the United States somewhat because we have the burden of proof to sustain the termination for default. Nevertheless, we stated that we had accepted the additional burdens of making our trial presentation without Ms. Mitchell because we considered this course of action necessary to safeguard the health and safety of Ms. Mitchell.

Furthermore, we suggested to counsel for HM2 that the testimony of Ms. Mitchell would only be marginally relevant to its defense because the relevant issue at trial is an objective analysis of whether HM2 was in default -- not the subjective opinion of the contracting officer at the time that the default finding was made. Continental Business Enterprises, Inc. v. United States, 196 Ct. Cl. 627, 638, 452 F.2d 1016, 1021-22 (1971) (in reviewing a termination for default, the relevant inquiry is whether the termination for default is supported by a reasonable basis); accord Youngstown Steel Equipment Sales, Inc. v. United States, 20 Cl. Ct. 517, 525-526 (1990).

II. The Stress Of Testifying Is A Threat To Ms. Mitchell

Separately, we are filing a motion for leave to file a medical record under seal. The medical record is a letter from Mr. Mitchell’s doctor describing her medical history in some detail.

In general, Ms. Mitchell suffered a stroke last September. She remains at risk for stroke, and blood pressure is a major risk factor for stroke. Moreover, even what might objectively be considered mildly stressful situations can cause severe fluctuations in blood pressure (and high risk) to vulnerable individuals. See, e.g., Hometown Folks, L.L.C. v. S&B Wilson, Inc., 2007 WL 2227817, at *5-6 (E.D. Tenn. July 31, 2007). As described in the medical report filed under seal, Ms. Mitchell is vulnerable to stress, and the ramifications could be severe.

We respectfully suggest that, in the context of this case, it is unfair and unreasonable to require Ms. Mitchell to place herself in the jeopardy posed.

III. The Testimony Of Ms. Mitchell Can Add Little To The Record

It is undisputed that HM2's contract was terminated for default upon the grounds that HM2 was unlikely to complete the contract on schedule. It is also undisputed that most of the contract period had expired when the contract was terminated, and that HM2 had made little progress up to that date.

The central issues for trial concern who was responsible for the delay that both parties acknowledge occurred. There is voluminous documentary evidence concerning these issues. To the extent that testimony will be useful to supplement or explain the business records, the United States will rely principally upon the testimony of Ms. Robinson at trial. Ms. Robinson was the contracting officer's representative for the HM2 contract, and she was intimately involved with the day-to-day administration of the contract. Indeed, HM2 is aware of Ms. Robinson's role and has indicated a desire to depose Ms. Robinson.

Even if Ms. Mitchell were entirely healthy, it is not clear that Ms. Mitchell could offer any significant testimony about the merits of the disputes between HM2 and the agency. The person at the agency with detailed knowledge of the contract disputes with HM2 was Ms. Robinson.

In its motion to compel, HM2 did not identify any special knowledge that it believes is in the possession of Ms. Mitchell. Furthermore, based upon our discussions with counsel for HM2, we believe that HM2 will admit that Ms. Robinson is the far more important witness.

Specifically, we contend that the principal issues at trial will concern technical construction matters. For example, there was a dispute concerning whether steel nipples on an air handler unit were consistent with the contract specifications. For

another example, there was a dispute regarding the adequacy of HM2's plan for removing a certain wall. These issues involve engineering matters and the proper interpretation of specifications; Ms. Robinson has an engineering background and took the lead for the agency in interpreting the specifications.

In its motion, HM2 does not allege that it needs the testimony of Ms. Mitchell to address the air handler unit specifications, or the wall lift plan, or any of the other technical issues disputed by the parties prior to termination. Thus, HM2 has implicitly admitted that adequate discovery (and testimony at trial) may be obtained from Ms. Robinson and other technical experts (such as the asbestos experts already deposed by HM2).

Instead, in its motion, HM2 only makes the vague claim that the deposition of Ms. Mitchell is needed to demonstrate "abuse of discretion" by the contracting officer. Pl. Motion, at 1. It is difficult to understand what HM2 means. We presume that HM2 means that Ms. Mitchell abused her discretion by deciding that HM2 had unreasonably delayed its performance and that the contract should therefore be terminated for default.

If this Court were to accept HM2's view of this case, the Court may conclude that Ms. Mitchell "abused her discretion" by terminating the contract for default. In other words, the Court may conclude that Ms. Mitchell made a mistake. However, that

does not mean that the contracting officer's decision-making process is, or should be, a principle focus of this case. To the contrary, whatever the merits of the contracting officer's reasoning may have been at the time the decision was made, the termination for default should be sustained if the termination is supported by adequate reasons demonstrated at trial. Continental Business Enterprises, 452 F.2d at 1021-22; Youngstown Steel Equipment Sales 20 Cl. Ct. at 525-526. To prepare to address the objective issues regarding responsibility for delay, HM2 can gather ample evidence from documents, from the testimony of Ms. Robinson and other technical witnesses, and from its own witnesses.

In summary, the testimony of Ms. Mitchell can offer scant assistance to HM2.

CONCLUSION

In light of the scant value of her deposition testimony, and the severe consequences that would follow if the stress of a deposition were to trigger a stroke, we respectfully request that the Court exercise its discretion to grant a protective order prohibiting any testimony by Ms. Mitchell at deposition or trial. In addition, we respectfully request that HM2's motion to compel the deposition of Ms. Mitchell be denied.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W.
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

February 21, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on February 21, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF’S MOTION TO COMPEL, AND DEFENDANT’S MOTION FOR A PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier