IN THE UNITED STATES COURT OF FEDERAL CLAIMS

HM$^2$ CORPORATION, d/b/a
HM$^2$ CONSTRUCTORS AND FABRICATORS

Plaintiff,

v.

No. 05-551C
(Judge Bush)

THE UNITED STATES, NATIONAL
AERONAUTICS AND SPACE ADMINISTRATION,
d/b/a NASA

Defendant.

______________________________________/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff HM$^2$ CORPORATION d/b/a HM$^2$ CONSTRUCTORS AND FABRICATORS ("HM2"), hereby responds to Defendant's response to Plaintiff's motion to compel and to Defendant's motion for protective order, and files its motion for sanctions.

Plaintiff filed a motion to compel the testimony of Valencia Mitchell, the Contracting Officer (CO) in this case. Defendant filed a response opposing Plaintiff's Motion on the grounds that testifying at a deposition would pose a threat to her health, and that her testimony is not necessary and HM2 will not be prejudiced if she does not testify in this case. Defendant's response is without merit.

While this case presents numerous factual and legal issues, the entire case is based on a single issue:

> Was the Contracting Officer's decision to terminate this contract for default an abuse of discretion, i.e. was it arbitrary and capricious? (Complaint, Paragraph 102)

There is no dispute that Valencia Mitchell is the Contracting Officer that made the decision to terminate this contract for default as she signed the termination letter. (Exhibit A attached hereto).

While Traci Just Robinson served as the Contracting Officer's Technical Representative (COTR), her authority was limited to technical issues. (Exhibit B attached hereto). Her letter of appointment stated:

> You are not delegated to authorize any changes in the statement of work or specifications or duties of the Parties as stated in the contract. (Contracting Officer Technical Representative Delegation, Paragraph 3h)

The appointment letter also informed Ms. Just Robinson that "[y]ou may be held personally liable for unauthorized commitments."

The letter of appointment, which is signed by Valencia Mitchell, clearly demonstrates that Ms. Mitchell is the Contracting Officer for this procurement and that Ms. Mitchell is the only individual who has the authority to make any changes in the terms and conditions of the contract. While Ms. Just Robinson may have provided information to Ms. Mitchell to assist Ms. Mitchell in making decisions under the contract, it is clear that Mitchell was the only individual authorized to make decisions.

This is a crucial issue because the Federal Acquisition Regulation (FAR) 49-402-2 Procedure for Default requires the Contracting Officer to review the following factors in determining whether to terminate a contract for default:

1. The terms of the contract and applicable law and regulations.
2. The specific failure of the contractor and the excuses for the failure.
3. The availability of the supplies and services from other sources.

4. The urgency of the need for the supplies or services and the period of time required to obtain them from other sources as compared with the time delivery could be obtained from the delinquent contractor.
5. The degree of essentiality of the contractor in the Government acquisition program and the effect of a termination for default upon the contractor's capability as a supplier under other contracts.
6. The effect of a termination for default on the ability of the contractor to liquidate guaranteed loans, progress payments, or advance payments.
7. Any other pertinent facts or circumstances.

There is only one way to determine if the Contracting Officer considered each of the required elements and how much consideration she gave to each: Ask her. These issues cannot be addressed by someone such as the COTR speaking "on behalf" of the Contracting Officer. It is HM2's position that the Contracting Officer did not make the decision to terminate, but actually terminated the contract based solely on the recommendations of others.

In fact, Plaintiff believes that if the Court were to grant Defendant's motion for a protective order, depriving Plaintiff of the opportunity to take the testimony of the Contracting Officer, it would be impossible for the Court to determine if the Contracting Officer abused her discretion, as it would be impossible for Plaintiff to present any evidence showing how, or if, the Contracting Officer exercised any discretion in making the decision to terminate for default.

In this case, Plaintiff alleges:

1. It was prevented from making progress on the project because of several well-documented technical issues, which were the sole responsibility of the Agency; and

2. That it was impossible for the Contractor to complete the project within the time provided for in the contract due to:
    a. Differing site conditions; and
    b. Defective specifications; and
    c. Untimely direction and/or failure to provide direction from the CO, which was required in order to resolve technical issues in the drawing and specifications that made it impossible for HM2 to perform within the time required in the contract; and
    d. Failure to provide timely responses to requests for information.

The Federal Acquisition Regulation and relevant case law require a contracting officer to exercise discretion in determining whether termination of a contract is in the best interest of the government. If the CO fails to exercise reasonable discretion, a termination for default is improper and will be converted into a termination for convenience. Schlesinger v. The United States, 182 Ct. Cl. 571; 390 F.2d 702 (1968). The Schlesinger Court stated that the default article does not require the Government to terminate on finding a bare default, but merely gives the procuring agency discretion to do so. That discretion must be reasonably exercised. The default article cannot be used as a device to terminate a contract which has become troublesome for the Government due to numerous technical issues. The authority to terminate is intended to be used as a shield to protect the Government from Contractors that fail to perform, not as a sword to cut down a contractor who cannot perform due to the Government's failure in preparing the technical requirements for a contract.

In this case, Plaintiff has alleged that the CO, Valencia Mitchell, abused her discretion in issuing a termination for default. There is no way to inquire into that critical issue without the testimony of Ms. Mitchell. If Plaintiff is barred from inquiring into the reason for the termination, by the person who made that decision, then the Court should grant the sanction of prohibiting any testimony as to the final decision.

Nor has Defendant provided any other person with the authority to speak to this decision. Ms. Mitchell's immediate supervisor, Bryce Collins, testified at his deposition, which was taken on January 30, 2007, that Valencia Mitchell was the direct interface with HM2 after the award of the contract, and that ultimately, all decisions were hers.

Further, Plaintiff does not have to prove that the CO acted in bad faith. Rather, the standard for review is the "arbitrary and capricious" standard. Darwin Construction Co., Inc. v. United States, 811 F.2d 593 (1987). In Darwin, the contractor argued that the default action was taken solely to rid the government of having to further deal with the contractor. Id. at 595. As in Schlesinger, the technical default position of the contractor was used as a pretext for taking action to terminate for reasons unrelated to contract performance. Plaintiff has made a similar allegation in this case, and is at a loss as to how it could demonstrate that without the testimony of the CO.

Defendant maintains that all relevant information can be supplied by the COTR. As stated by the Board of Contract Appeals in Appeal of Jamco Constructors, Inc., 94-1 B.C.A. (CCH) P26,405 (1993), the CO may not abdicate its responsibility by accepting any opinion offered without subjecting it to some analysis. In Jamco, the CO relied heavily upon the advice and opinion of a COTR. The Board held that the CO abused his discretion by failing to make an

adequate inquiry prior to terminating the contract for default. The CO must take a personal role in rendering the decision beyond merely "rubber stamping" the opinions of someone else.

As to the issue of the effect of testifying at deposition on Ms. Mitchell's health, Plaintiff has been given only the letter from Ms. Mitchell's physician. There is no indication whatsoever as to whether that physician was informed about Ms. Mitchell's current employment status or her duties on her current job. Plaintiff has been led to believe that Ms. Mitchell is working fulltime at NASA, but has not been given any specific information. Plaintiff has served interrogatories on Defendant in an effort to ascertain that status. Surely if Ms. Mitchell can perform the duties and make the critical decisions of a CO for NASA, without ill effects on her health, she can be expected to be able to truthfully testify concerning her own personal knowledge and decisions in this case. Without more, it is impossible for the Court to be able to make a determination as to any potential harmful effects on Ms. Mitchell's health.

WHEREFORE Plaintiff respectfully requests that the Court grant its Motion to Compel the testimony of Valencia Mitchell and deny Defendant's Motion for Protective Order. In the alternative, if the Court grants the Motion for Protective Order, prohibiting the testimony of the Contracting Officer, Plaintiff requests that the Court grant the sanction of prohibiting any testimony at trial related to the final decision to terminate Plaintiff's contract.

**Certificate of Filing**

I hereby certify that on the 17th day of March, 2008, the foregoing Plaintiff's Response was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Edward J. Kinberg
KINBERG & ASSOCIATES, LLC
1290 W. Eau Gallie Blvd.
Melbourne, Florida 32935
(321) 259-1910; Fax (321) 259-1996
Attorneys for Plaintiff