IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HM2 CORPORATION, d/b/a HM2 CONSTRUCTORS AND FABRICATORS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-551C |
| THE UNITED STATES, | ) | (Judge Bush) |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR A PRETRIAL ORDER

Defendant, the United States, respectfully requests that the Court issue an order establishing a schedule for trial and for pretrial activities. Furthermore, the United States respectfully suggests that the interests of justice and judicial economy would be served if the trial were conducted in two stages.

I. Requested Trial Dates

We request that the first two days of trial take place in Washington, D.C., on January 26 and 27, 2009. During these two days, the parties would introduce exhibits, publish certain excerpts from those exhibits, and explain the party's interpretation of the exhibits. The Court would invite comment and argument, as appropriate.

The goal of the first stage of the trial would be to establish a clear context for the testimony to be offered in the second stage. The issues in this case are not complicated, but there are four or five issues relevant to the delay analysis which have overlapping chronologies. For each issue, there are numerous letters, e-mail, and other documents that might be

offered into evidence. The array of documents, and the interlocking chronologies, can be confusing upon first encounter.

If the exhibits are not offered or discussed until testimony begins, the resulting presentation of the testimony will be less organized and more difficult to understand because the skeletal documentary record will not have been presented, examined, and placed into some context by the parties in advance. Conversely, if a solid foundation is established in the first stage of trial, the testimony presented in the second stage is likely to be more focused and succinct -- and thus more useful to the Court.

We request that the second stage of the trial be scheduled for February 17-20, 2009, at the United States District Court for the Middle District of Florida in Orlando, Florida. We request that each party be allowed 14 hours total for direct examination, cross examination, and rebuttal testimony, divided as each party sees fit.

II. Other Pretrial Schedule Dates

We respectfully suggest the following schedule of pretrial activities.

October 1, 2008. The parties shall exchange preliminary exhibit lists and a copy of each proposed exhibit, including summary exhibits. Subsequently, the parties shall seek to resolve authenticity and admissibility issues, including issues

concerning the summary exhibits. To the extent possible, the parties shall agree to joint exhibits and joint summary exhibits.

October 30, 2008. The parties shall file the certification required by RCFC Appendix A, ¶ 13(d), regarding the meeting of counsel. The meeting of counsel may occur by telephone.

November 7, 2008. Exhibit lists and witness lists shall be filed. Copies of the exhibits on the filed exhibit lists shall be exchanged by the parties. Each exhibit shall be marked with the exhibit number and a page number for each page (beginning with page 1 and numbered consecutively). No references to "bates numbers" shall be permitted in motions, memoranda, or at trial.

November 14, 2008. Any motion in limine challenging a proposed exhibit, including a proposed summary exhibit, must be filed. Other motions in limine may be filed at any time if supported by reasons demonstrating that the timing of the motion is not unfair or unduly burdensome.

December 5, 2008. Initial pretrial memoranda shall be filed. The United States shall file a memorandum concerning the termination for default because the United States bears the burden of proof regarding the termination. The plaintiff, HM2 Corporation, shall file a memorandum concerning its claims for money damages because HM2 bears the burden of proof regarding those claims. No pretrial memorandum shall exceed 20 pages.

Citations to exhibits in the pretrial memoranda shall be to the page numbers marked upon the exhibits listed on the exhibit lists already filed. No exhibits or other pages shall be attached to the memoranda.

December 19, 2008. Each party may file a response to the other party's pretrial memorandum. No response shall exceed 20 pages. No reply briefs shall be permitted.

We respectfully suggest that this schedule is fair to the parties and that, if disputes should arise concerning summary exhibits or other matters, this schedule permits time for motions *in limine* and responses to be filed, and time for the Court to resolve such issues before trial.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W.
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969
Attorneys for Defendant

August 11, 2008

CERTIFICATE OF FILING

I hereby certify that on August 11, 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR A PRETRIAL ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier