# In the United States Court of Federal Claims

No. 05-551 C

(Filed August 20, 2008)

* * * * * * * * * * * * * * * * * * * * * * * *
HM2 CORPORATION, d/b/a HM2 CONSTRUCTORS and FABRICATORS, *

*Plaintiff*, *

v. *

THE UNITED STATES, *

*Defendant*. *
* * * * * * * * * * * * * * * * * * * * * * * *

**ORDER**

Currently before the court is defendant's Motion for a Pretrial Order, filed August 11, 2008. Defendant's motion requests the court to issue a pretrial order and proposes a schedule setting forth trial in the subject matter. Specifically, defendant requests that trial to be held in two stages; the first stage in the District of Columbia and the second stage in Orlando, Florida. Additionally, defendant's motion sets forth a proposed pretrial schedule. Defendant's motion does not indicate if plaintiff concurs or opposes the proposed schedule. Plaintiff's response to defendant's motion is due to be filed on or before August 28, 2008.

On May 14, 2008, the court issued an order directing the parties to complete all discovery by or before July 30, 2008; and on August 14, 2008, or two weeks after completion of discovery, whichever occurred earlier, counsel were directed to file a Joint Status Report informing the court of the status of proceedings in the case and the extent to which the parties had determined whether any or all of the instant matter could be settled. The court stated that the status report was to also set forth a proposed schedule for the exchanges required by Appendix A, ¶ 13 and the filings required by ¶¶ 14 through 17. Finally, the parties were directed to

inform the court whether any or all of the issues presented could be resolved by summary judgment and if so, a deadline for the submission of a moving brief was to be stated.

In lieu of the filing of the joint status report, it is apparent that defendant has filed the subject motion for the court to issue a pretrial order. Defendant's motion is timely, however, in the interest of judicial economy, it would best serve the court for the parties to address all of the court's requests as set forth in the court's order of May 14, 2008, prior to the issuance of a pretrial order. In that regard, for example, defendant's motion does not address the question of expert testimony, nor does it state plaintiff's position on defendant's motion. For these reasons, the court denies defendant's motion for a pretrial order and directs the parties to confer and file a Joint Status Report setting forth a proposed schedule for the exchanges required by Appendix A, ¶ 13 and the filings required by ¶¶ 14 through 17 and whether any or all of the issues presented may be resolved by summary judgment and if so, a deadline for the submission of a moving brief.

Accordingly, it is hereby **ORDERED** that defendant's **Motion for a Pretrial** Order is **DENIED**; and the parties are directed to **CONFER** and **FILE** a **Joint Status Report**, on or before **September 5, 2008**, proposing a joint schedule for the exchanges required by Appendix A, ¶ 13 and the filings required by ¶¶ 14 through 17.[1] Finally, the parties are directed to inform the court whether any or all of the issues presented may be resolved by summary judgment and if so, a deadline for the submission of a moving brief shall be stated.

/s/Lynn J. Bush
LYNN J. BUSH
Judge

---

[1]/ As stated, counsel shall confer and propose an agreed upon schedule setting forth, *inter alia*, the deadlines for the following: filing of any motions for summary judgment, if applicable, exchange of witness lists, exhibit lists, any objections to exhibits or witnesses, all stipulations and admissions of fact, as well as the parties' memoranda of contentions of fact and law, stipulations of fact and admissions as well as a joint exhibit list, a telephonic pretrial conference and proposed trial date. See RCFC, Appendix A ¶¶ 13-17. The court urges the parties to stipulate to as many facts as possible and to make every effort to come to an agreement on the acceptability of witnesses and exhibits. If there are any objections to witnesses or exhibits, it is the court's intention to resolve those objections prior to trial.