IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HM2 CORPORATION d/b/a HM2 CONSTRUCTORS & FABRICATORS, | ) | |
| Plaintiff, | ) | No. 05-551C |
| v. | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR A PRETRIAL ORDER**

Plaintiff, HM2 CORPORATION d/b/a HM2 CONSTRUCTORS & FABRICATORS, by and through its undersigned attorney, hereby responds to Defendant's Motion for a Pretrial Order. While the Court issued an order on August 20, 2008, denying Defendant's Motion and directing the Parties to submit a Joint Status Report by September 5, 2008, the Order also required Plaintiff to file a reply to Defendant's Motion for a Pretrial Order. As such, Plaintiff is submitting this response in compliance with the Order, and does not anticipate the Court issuing any further response to Defendant's Motion as the Court has already denied the Motion.

I. Requested Trial Dates

Plaintiff submits that the time allowed for trial under Defendant's proposed plan is inadequate. Plaintiff would request two weeks, preferably consecutive, to be set aside for trial, and should the allotted time prove to be insufficient, either side has reserved the right to request additional time to be scheduled by the Court at its earliest convenience.

Plaintiff agrees that it is desirable for the parties to stipulate to, as many exhibits, and facts as possible prior to trial, and submits that this can be accomplished with minimal involvement by the Court.

Plaintiff objects to the proposal of exhibits to be introduced, published, and explained in a separate proceeding, to be held in Washington, DC, on January 26th, 2009, and January 27th, 2009. Plaintiff submits that the majority of the document review, and discussion of exhibits, to be stipulated to can be accomplished by way of telephone conferences, without incurring the expense of Plaintiff traveling to Washington, DC. Plaintiff agrees that the stipulated exhibits should then be made into one set of exhibits with sequentially numbered pages. The interpretation, and explanation of the stipulated exhibits would be best handled in the form of written pretrial statements or trial briefs.

This process should reduce the number of documents that require a decision by the Court appreciably, and those could also be handled by way of a telephone hearing.

Plaintiff objects to limiting each party to fourteen hours total for direct examination, cross examination, and rebuttal. While Plaintiff does not object to the concept of limiting the number of hours of testimony to be elicited, Plaintiff submits that fourteen hours is woefully inadequate. Plaintiff would suggest a limitation of thirty hours each for direct examination, cross examination, and rebuttal.

## II. Limitation of Issues

Plaintiff does believe the trial should be bifurcated, but not in the manner or for the reason advocated by Defendant. Plaintiff submits that the issue of the propriety of the termination for default is the dispositive issue and the trial should be limited to that issue, with quantum left for a subsequent proceeding, if necessary.

If the Court determines that the termination for default should be converted to a termination for convenience, Plaintiff will be entitled to recover all of its costs of performance up to the date of termination, including overhead and profit on the completed work. As such, any issues related to change order issues can be addressed during the termination for convenience process.

If, on the other hand, the Court decides that the termination for default was proper and should be upheld, there would not be any damage issues for the court to resolve. While a portion of the appeal does involve several change orders issued by the Agency shortly before termination, Plaintiff was compelled to appeal those decisions or risk losing its rights to do so, based on the limited time provided by Statute for appealing final decisions of the contracting officer.

Neither side to date has engaged in any discovery as to money damages and, indeed, the discovery needed and the proof necessary to show Plaintiff's damages will be different depending on the outcome of the termination for default vs. termination for convenience issue. Accordingly, Plaintiff submits that the trial should be limited to the termination for default vs. termination for convenience issue.

If the Court finds that the termination for default was improper, each of the issues raised by Plaintiff's appeal of the various final decisions will become part of the termination for convenience claim to be submitted by Plaintiff. As such, there is no need for the Court to issue a ruling on each of the final decision under appeal.

III. Other Pretrial Schedule Dates

Plaintiff has no objection to the remaining pretrial dates proposed by Defendant with the following exceptions. First, as noted above, the trial should be limited to the

issue of the propriety of the termination for default, with quantum of damages, if any, reserved for subsequent proceedings. Accordingly, Plaintiff's pretrial memorandum will not address damages but will address the termination issue.

**CERTIFICATE OF FILING**

I HEREBY CERTIFY that on August 28, 2008, a copy of the foregoing, "Plaintiff's Response to Defendant's Motion for a Pretrial Order", was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

KINBERG & ASSOCIATES, LLC

BY________________________

Edward J. Kinberg
Florida Bar No. 996742
1290 W. Eau Gallie Blvd.
Melbourne, Fl. 32935
(407) 259-1910
(407) 259-1996 FAX
*ATTORNEY FOR PLAINTIFF*